## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 11 2015, 9:43 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Benjamin Loheide
Law Office of Benjamin Loheide
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Derek Mason,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

December 11, 2015

Court of Appeals Case No.
03A01-1503-CR-115

Appeal from the Bartholomew Superior Court

The Honorable James D. Worton, Judge

Trial Court Cause No.
03D01-1302-FD-951

**Crone, Judge.**

# Case Summary

[1]   Derek Mason appeals the trial court's revocation of his probation. The sole issue presented for our review is whether the trial court abused its discretion in revoking Mason's probation and imposing his entire previously suspended sentence. Finding no abuse of discretion, we affirm.

# Facts and Procedural History

[2]   On March 22, 2010, Mason pled guilty to two counts of class D felony theft and two counts of class D felony receiving stolen property. The trial court sentenced Mason to one and one-half years suspended on each count, to be served consecutively for an aggregate suspended sentence of six years. The court placed Mason on probation for a period of four years.

[3]   In August 2010, the State filed a petition to revoke probation. On February 16, 2011, Mason admitted to violating his probation by committing two class A misdemeanors. The trial court ordered that Mason be returned to probation for a four-year term but that he serve his probation in community corrections. In April 2011, the State filed a second petition to revoke probation. On February 22, 2012, Mason admitted to violating his probation by possessing alcohol during a home visit. The trial court gave Mason credit for time served and returned him to probation pursuant to the terms of its 2011 order.

[4]   On July 15, 2014, the State filed a third petition to revoke probation. During the probation revocation hearing, Mason admitted to violating his probation by failing to pay fees and costs, failing to report to four probation appointments,

and using cannabinoids on March 26, 2013. The trial court revoked Mason's probation and imposed the balance of his previously suspended six-year sentence minus credit time. This appeal ensued.

## Discussion and Decision

[5] "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). It is within the trial court's discretion to determine the conditions of probation and to revoke probation if those conditions are violated. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). We review a trial court's decision to revoke probation for an abuse of discretion. *Ripps v. State*, 968 N.E.2d 323, 326 (Ind. Ct. App. 2012). An abuse of discretion occurs when the court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* We neither reweigh evidence nor reassess witness credibility, and we consider only the evidence favorable to the trial court's judgment. *Id.* If there is substantial evidence to support the trial court's decision that a probationer has violated any terms of probation, we will affirm the decision to revoke probation. *Id.*

[6] Probation revocation is a two-step process. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008). First, the trial court must make a factual determination that a violation of a condition of probation actually occurred. *Id.* If a violation is proven, then the trial court must determine if the violation warrants revocation of the probation. *Id.* Violation of a single condition of probation is sufficient to

revoke probation. *Beeler v. State*, 959 N.E.2d 828, 830 (Ind. Ct. App. 2011), *trans. denied*. Upon determining that a probationer has violated a condition of probation, the trial court may either continue him on probation, with or without enlarging the conditions, extend his probation for not more than one year beyond the original probationary period, or order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(h)(3). The imposition of an entire suspended sentence is within the trial court's discretion. *See Sanders v. State*, 825 N.E.2d 952, 957-58 (Ind. Ct. App. 2005), *trans. denied*.

[7]     Mason first asserts that the trial court abused its discretion in considering his failure to pay fees and costs as a basis for revoking his probation without: (1) requiring the State to provide a factual basis that he recklessly, knowingly, or intentionally failed to pay pursuant to Indiana Code Section 35-38-2-3(g); and (2) inquiring into his ability to pay. *See Smith v. State*, 963 N.E.2d 1110, 1112 (Ind. 2012) (In probation revocation cases involving payment of a financial obligation, the State has the burden to prove the fact of the violation, i.e., less than full payment, and it must also prove the probationer's state of mind.).

[8]     During the revocation hearing, Mason admitted to violating the terms of his probation by failing to pay fees and costs, failing to report to four probation appointments, and using cannabinoids on at least one occasion during the probationary period. Thus, the alleged lack of factual basis as to Mason's state of mind regarding his failure to pay fees and costs or his ability to pay them is

not dispositive, as he has two additional admitted violations which standing alone could support the revocation of probation.[1] *See Beeler*, 959 N.E.2d at 830.

[9] Mason maintains that the imposition of his entire suspended sentence was unwarranted especially if, aside from his failure to pay fees and costs, his probation was revoked simply for missing some appointments and using cannabinoids. The record indicates that this was Mason's third probation violation in this cause. Thus, the trial court had ample basis for determining that imposition of the entire suspended sentence was proper since its prior attempts at lesser sanctions had proven unsuccessful. The object of probationary terms and conditions is to ensure that probation serves as a period of genuine rehabilitation. If a probationer repeatedly violates probation terms, as is the case with Mason, the very purpose of probation is defeated. Under the circumstances, we cannot say that the trial court abused its discretion in revoking Mason's probation and ordering him to serve his entire suspended sentence.

[10] Affirmed.

Vaidik, C.J., and Bailey, J., concur.

---

[1] We note that although it is the State's burden to prove both the violation and the requisite state of mind in order to obtain a probation revocation based upon nonpayment of a financial obligation, with respect to the ability to pay, it is the defendant probationer's burden "to show facts related to an inability to pay and indicating sufficient bona fide efforts to pay so as to persuade the trial court that further imprisonment should not be ordered." *Smith*, 963 N.E.2d at 1113 (citation omitted).