**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**BRYAN M. TRUITT**
Bertig & Associates LLC
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID COX, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 64A04-1402-CR-52 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable William E. Alexa, Judge
Cause No. 64D02-0510-FC-8870

**September 24, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

Case Summary and Issues

David Cox's probation was revoked, and he was ordered to serve the remainder of his suspended sentence with the Indiana Department of Correction ("DOC") for violating the terms of his probation agreement. Cox appeals, raising two issues for our review: 1) whether the trial court abused its discretion when it revoked Cox's probation, and 2) whether the trial court abused its discretion in ordering him to serve the remaining portion of his suspended sentence. Concluding the trial court did not abuse its discretion in either respect, we affirm.

Facts and Procedural History

Cox pled guilty to child solicitation as a Class C felony on August 25, 2006. He was subsequently sentenced to eight years with the DOC—all suspended with the condition that Cox would receive treatment from a formal probation program, Project Pro. Cox complied with the court's order and signed an agreement with Project Pro whereby he agreed to all conditions and rules of the program, including the following: 1) to abstain from viewing sexually explicit material; 2) not to use the internet without prior authorization from Project Pro; 3) to inform Project Pro of all telephones used; 4) not to associate with known felons; and 5) to receive permission from Project Pro prior to engaging in activities away from home.

Cox's probation was revoked in 2011, and the court ordered him to serve two years of his suspended sentence at the DOC. The court also ordered him to complete formal probation as previously ordered with Project Pro upon his release. Cox served his time and was released. Following his release, Cox engaged in activity that was proscribed by his

agreement with Project Pro. He was in constant communication with Matthew Thrall, a fellow sex offender and convicted felon whom Cox had met while incarcerated. Cox was warned by his probation officer to cease communicating with Thrall and disregarded warnings on several occasions; he continued to write letters and talk with Thrall on the phone. At one point, Thrall was relocated to a different facility. Cox used the internet at a workforce development center to find Thrall instead of looking for employment. Cox also purchased a cell phone for the purpose of communicating with Thrall, and he traveled to a local high school and Kmart without prior authorization. When confronted about these violations, Cox lied to his probation officer.

Due to his noncompliant behavior, Cox was terminated from Project Pro, and the State filed a Second Petition For Revocation Of Probation. On January 17, 2014, the trial court revoked Cox's probation, and at the recommendation of his probation officer, ordered Cox to serve the remaining six years of his suspended sentence with the DOC. He now appeals.

Discussion and Decision

I.  Revocation of Probation

"Probation is a matter of grace and a conditional liberty which is a favor, not a right." Ripps v. State, 968 N.E.2d 323, 326 (Ind. Ct. App. 2012). The trial court determines the conditions of probation, and if a condition has been violated, revocation is within its discretion. Id. Revocation proceedings are civil in nature, and the State needs to prove a violation of probation by only a preponderance of the evidence. Thornton v. State, 792 N.E.2d 94, 96 (Ind. Ct. App. 2003). On appeal, this court will review a trial court's

revocation decision for an abuse of discretion, which will be found "when the decision is clearly against the logic and effect of the facts and circumstances before the court." Ripps, 968 N.E.2d at 326. We will only consider "the evidence most favorable to the judgment without reweighing that evidence or judging the credibility of the witnesses." Woods v. State, 892 N.E.2d 637, 639 (Ind. 2008).

"Probation is a criminal sanction wherein a convicted defendant specifically agrees to accept conditions upon his behavior in lieu of imprisonment." Brabandt v. State, 797 N.E.2d 855, 860 (Ind. Ct. App. 2003). These conditions are designed to ensure that the probation serves as a period of genuine rehabilitation. Id. A defendant is not entitled to probation, id., and a trial court can order revocation for the violation of any single term of probation. Washington v. State, 758 N.E.2d 1014, 1017 (Ind. Ct. App. 2001); Ind. Code § 35-38-2-3(a) ("The court may revoke a person's probation if . . . the person has violated a condition of probation during the probationary period . . . ."). "Probation revocation is a two-step process": 1) the court must make a factual determination that a violation of a condition of probation actually occurred, and 2) the trial court must determine if the violation warrants revocation of probation. Ripps, 968 N.E.2d at 326.

Cox argues that the trial court abused its discretion in revoking his probation because his violations did not concern public safety or undermine his rehabilitation. Regardless of their purpose, Cox specifically agreed to the terms of his probation in exchange for his chance to avoid imprisonment; he lost that chance when he decided to violate those terms.

Cox also argues that the restrictions on his internet and phone use are overbroad, citing Doe v. Marion County Prosecutor, 705 F.3d 694, 695 (7th Cir. 2013), in which the court struck down as unconstitutional a law applicable to most sex offenders which prohibited the use of social networking sites. Although we acknowledge that some laws, such as those restricting the use of the internet by sex offenders, have been struck down as overbroad in violation of the First Amendment to the United States Constitution, we need not address that issue here. The restrictions on Cox's speech were mutually agreed upon conditions to his probation, not provisions of a law. Thus, Doe v. Marion County Prosecutor does not apply.

The trial court held an evidentiary hearing in which three witnesses testified, including Cox himself. Cox had the opportunity to explain his violations. At the hearing, the facts and evidence presented to the court sufficiently proved the State's case by a preponderance of the evidence: Cox admitted to talking on the phone with and writing letters to a known felon; Cox admitted to unauthorized use of the internet while at the workforce development center; and Cox admitted to going to a local high school and other places away from home. His probation officer also testified that Cox had been deceitful and noncompliant on numerous occasions. The trial court did not abuse its discretion in revoking Cox's probation.

## II. Sanction on Revocation

We review sanctions imposed upon the revocation of probation for an abuse of discretion. Sanders v. State, 825 N.E.2d 952, 957 (Ind. Ct. App. 2005), trans. denied. After revoking a defendant's probation, a trial court is authorized to order one or more of the

following: "(1) Continue the person on probation . . . (2) Extend the person's probationary period for not more than one (1) year . . . [or] (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing." Ind. Code § 35-38-2-3(h). Although not all probation violations are of equal culpability, we have acknowledged that it is well within the discretion of the trial court to impose an entire suspended sentence. Sanders, 825 N.E.2d at 957-58.

After revoking his probation, the trial court ordered Cox to serve the remainder of his suspended sentence as authorized by Indiana Code section 35-38-2-3(h)(3). It is telling that although Cox was fully aware of the conditions on his probation, he ignored the warnings given by his probation officer and continued to violate them anyway. Cox argues that his violations were "at worst, minor," Appellant's Brief at 5, because they were not related to his previous crimes. He also argues that the sanction imposed by the trial court was unduly harsh since he has completed most of his probation. The nature of a given violation is not dispositive. The evidence presented at the evidentiary hearing provided the court with an ample basis for making its decision, and we conclude that the trial court did not abuse its discretion.

### Conclusion

The trial court did not abuse its discretion in revoking Cox's probation upon finding a violation of his probationary terms or in ordering that he serve the remainder of his suspended sentence as a result. The judgment of the trial court is affirmed.

Affirmed.

BAKER, J., and KIRSCH, J., concur.