## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 19 2016, 5:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ronald K. Smith
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| William E. Stanard, | April 19, 2016 |
| *Appellant-Defendant,* | Court of Appeals Case No. 18A02-1508-CR-1170 |
| v. | Appeal from the Delaware Circuit Court |
| State of Indiana, | The Honorable Marianne L. Vorhees, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 18C01-1405-FD-72 |

**Altice, Judge.**

## Case Summary

Soon after beginning to serve an eighteen-month sentence on direct commitment to Delaware County Community Corrections (DCCC), William E. Stanard violated the terms of said commitment on four separate occasions. Stanard admitted the violations but argued they did not warrant revocation of his placement. The trial court disagreed and ordered Stanard to serve the remainder of his sentence in the Department of Correction (DOC). On appeal, Stanard argues that the trial court abused its discretion.

We affirm.

## Facts & Procedural History

On May 5, 2014, the State charged Stanard with two counts of class D felony theft, which allegedly occurred on two consecutive days at the Walmart in Muncie, Indiana. Stanard pled guilty to one count of theft in exchange for dismissal of the other. The plea agreement further provided for an eighteen-month executed sentence to be served on electronic home detention. On March 4, 2015, the trial court accepted the plea agreement and sentenced Stanard accordingly, allowing him to serve his eighteen-month sentence as a direct commitment to DCCC on house arrest with electronic monitoring. Stanard began his placement with DCCC on April 8, 2015.

Just over a month later, on May 14, 2015, the State filed a petition to revoke Stanard's placement. The petition alleged that Stanard tested positive for alcohol on April 8, 15, and 30 and May 1, 2015, in violation of DCCC's home

detention rules. At the fact-finding hearing on June 22, 2015, Stanard admitted the violations, and the trial court so found.

[5] The dispositional hearing was held on July 15, 2015. Stanard testified at the hearing and indicated that he has battled an addiction to alcohol most of his life. He asked the court to allow him to go back on home detention with day reporting to show accountability and to have the opportunity to take Antabuse to help him stop drinking. The trial court refused Stanard's request, noting that he has had "plenty of opportunities" in the past to address his alcohol abuse. *Transcript* at 20. The court then revoked Stanard's direct placement with DCCC and ordered the balance of his sentence to be served in the DOC.

### Discussion & Decision

[6] On appeal, Stanard argues that because the violations exclusively involved alcohol consumption, "an appropriate sanction would have been one which addressed his alcohol problem, rather than executing the balance of his sentence." *Appellant's Brief* at 6. Stanard notes his expression of remorse for drinking, as well as his testimony that he would comply with all conditions and take Antabuse if returned to home detention.[1]

---

[1] Stanard also asserts, without explanation, that this case is analogous to *Ripps v. State*, 968 N.E.2d 323 (Ind. Ct. App. 2012) (abuse of discretion found where a very slight violation was unintentionally committed by a sixty-nine-year-old defendant suffering from terminal cancer, who took steps to correct the technical violation upon discovering it). It is not.

[7] For purposes of appellate review, we treat a hearing on a petition to revoke placement in a community corrections program the same as we do a hearing on a petition to revoke probation. *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999). Like probation, a defendant is not entitled to serve a sentence in a community corrections program. *Id.* Rather, such placement is a matter of grace and a conditional liberty that is a favor, not a right. *Id.* Once a trial court has exercised its grace in this regard, it has considerable leeway in deciding how to proceed when the conditions of placement are violated. *See Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). "Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard." *Id.* We will find an abuse of discretion only where the decision is clearly against the logic and effect of the facts and circumstances. *See id.*

[8] The trial court explained its reasons for ordering Stanard to serve the remainder of his sentence in the DOC:

> 1. Defendant has received the benefit of rehabilitative opportunities in the [DOC], which have failed: Burglary, a Class C felony, in Cause No. 57D01-8705-CF-0015; Operating a Vehicle While Intoxicated Causing Serious Bodily Injury (Cause No. 18D04-9801-DF-0004); Theft, a Class D felony, with the Habitual Offender Enhancement (Cause No. 33D02-0402-FD-0048).
>
> 2. Defendant has received the benefit of serving executed sentences in the Delaware County Jail, without being sent to the [DOC], and he has failed to take advantage of these opportunities: Operating a Vehicle While Intoxicated, a Class D felony (Cause No. 18C04-0208-FD-0270);

Disorderly Conduct, a Class B misdemeanor (Cause No. 18C05-0805-FD-0045); Operating a Vehicle While Intoxicated, a Class A misdemeanor (Cause No. 18H01-1005-CM-0993).

3. Defendant has had the opportunity to rehabilitate himself through a prior direct commitment to electronic home detention and did not take advantage of that opportunity: Robbery, a Class C felony (Cause No. 18C03-0907-FC-0022).

4. Defendant has had the opportunity to rehabilitate himself through supervised probation and did not take advantage: Driving While Intoxicated, a Class A misdemeanor (Cause No. 57E01-9007-CM-0649); Operating a Vehicle While Intoxicated Causing Serious Bodily Injury (Cause No. 18D04-9801-DF-0004).

5. Defendant had the opportunity to serve the executed sentence as a direct commitment to electronic home detention in this case and committed four violations in less than One (1) Month.

6. Defendant has a severe alcohol addiction, which the Court finds he should address in the [DOC], as all other options have failed.

7. Defendant is requesting one last chance; however, as the cases cited above show, Defendant has received numerous "second chance" opportunities, and he has not taken advantage of them.

*Appellant's Appendix* at 40-41.

[9] The trial court's decision to deny Stanard's request for yet another chance is amply supported by the record and, thus, not clearly against the logic and effect of the facts and circumstances. The trial court was well within its discretion when it ordered Stanard to serve the balance of his sentence in the DOC.

[10] Judgment affirmed.

[11] Robb, J. and Barnes, J., concur.