# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 15 2016, 8:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Special Assistant to the State Public Defender
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tanner Wilson, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | August 15, 2016 <br><br> Court of Appeals Case No. 28A01-1603-CR-707 <br><br> Appeal from the Greene Circuit Court <br><br> The Honorable Eric C. Allen, Judge <br><br> Trial Court Cause No. 28C01-1511-F5-29 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Tanner Wilson pled guilty to child exploitation and possession of child pornography and was sentenced to a term of incarceration to be followed by a year of probation. As conditions of that probation, Wilson was ordered not to visit any business that sells sexual devices or aids or to enter any establishment where alcohol is served by the drink. He appeals the imposition of these conditions. Because the sexual-devices-or-aids condition is overly broad, we remand this matter to the trial court with instructions to either vacate or narrow the condition. We affirm the alcohol condition.

# Facts and Procedural History

[2] Wilson pled guilty to Level 5 felony child exploitation and Class A misdemeanor possession of child pornography based on his possession and distribution of digital images of nude children. The trial court sentenced him to four years on the felony, with one year suspended to probation, and to time served on the misdemeanor. Among other probation conditions, the court ordered Wilson not to "visit . . . businesses that sell sexual devices or aids," Appellant's App. p. 110-11, or to "enter any establishment where alcohol is served by the drink," *id*. at 114. Wilson now appeals the imposition of these two conditions.

# Discussion and Decision

[3]     A trial court has broad discretion in imposing probation conditions, and we review the court's decision in this regard only for an abuse of that discretion. *Bailey v. State*, 717 N.E.2d 1, 4 (Ind. 1999). Indiana Code section 35-38-2-2.3(a)(15) gives courts authority to impose any term of probation that is "reasonably related to the person's rehabilitation."

[4]     As for the condition barring Wilson from visiting any business that sells "sexual devices or aids," this Court has already held that such a restriction imposes an "unfairly broad prohibition" because it would cover not only adult-oriented businesses but also places like drug stores. *Collins v. State*, 911 N.E.2d 700, 714 (Ind. Ct. App. 2009), *trans. denied*. The State acknowledges *Collins* and does not defend the imposition of the condition in this case. We therefore conclude that the trial court must either vacate or significantly narrow the condition.

[5]     Wilson also challenges the condition that prohibits him from entering any establishment that serves alcohol by the drink. He argues that this condition is overbroad because it prevents him from entering a wide variety of venues, including certain restaurants, zoos, and sports stadiums. The State defends the condition on the ground that such venues are frequented by children. The State contends that the condition is permissible in light of *Carswell v. State*, 721 N.E.2d 1255, 1265 (Ind. Ct. App. 1999), where we recognized "the propensity of alcohol to impair judgment and reduce inhibition," and *Smith v. State*, 779 N.E.2d 111, 117 (Ind. Ct. App. 2002), *trans. denied*, where we held that

"probation conditions that reduce the potential for access to children are reasonable."

[6] We agree with the State. "Probation is a matter of grace and a conditional liberty which is a favor, not a right." *Ripps v. State*, 968 N.E.2d 323, 326 (Ind. Ct. App. 2012). It is granted only when the convicted defendant "specifically agrees to accept conditions upon his behavior in lieu of imprisonment." *Carswell*, 721 N.E.2d at 1258. The only limitation placed on the discretion of the sentencing court is that the conditions "have a reasonable relationship to the treatment of the accused and the protection of the public." *Id.*; *see also* Ind. Code § 35-38-2-2.3(a)(15). Excluding Wilson from venues that both serve alcohol *and* allow children unquestionably furthers both of these societal interests. We affirm the imposition of this condition.

[7] Affirmed in part and remanded in part.

Baker, J., and Najam, J., concur.