## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 07 2017, 9:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Deborah June Harris, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | March 7, 2017 <br><br> Court of Appeals Case No. <br> 32A01-1609-CR-2112 <br><br> Appeal from the Hendricks <br> Superior Court <br><br> The Honorable Rhett M. Stuard, <br> Judge <br><br> Trial Court Cause No. <br> 32D02-1503-F6-235 |

**Robb, Judge.**

# Case Summary and Issue

The trial court revoked Deborah Harris's placement in home detention and ordered her to serve the entirety of her two previously suspended sentences in the Indiana Department of Correction. Harris appeals, raising one issue for our review: whether the trial court abused its discretion in revoking Harris's probation. Concluding the trial court abused its discretion, we reverse its order requiring Harris to serve the entirety of her two previously suspended sentences in the Department of Correction and remand with instructions to continue Harris in home detention.

# Facts and Procedural History

In July of 2015, Harris pleaded guilty to theft as a Level 6 felony and the trial court sentenced her to 545 days in the Department of Correction with 535 days suspended to probation.

In February of 2016, the State charged Harris with theft as a Level 6 felony and subsequently filed a petition seeking to revoke Harris's probation in her 2015 case, alleging Harris violated her probation by committing a new theft. After finding Harris violated a condition of her probation, the trial court ordered her to serve her previously suspended sentence in home detention. In July of 2016, Harris pleaded guilty to theft as a Level 6 felony in the 2016 case and the trial court sentenced her to 365 days in home detention to be served consecutively to her prior sentence.

[4]     On August 2, 2016, the State filed another petition to revoke, alleging Harris violated the conditions of her home detention by failing to provide her probation officer with documentation verifying her whereabouts while permitted to be outside the home.

[5]     The trial court held an evidentiary hearing on Harris's home detention violation on August 15, 2016. At the hearing, Gwyn Green, Harris's probation officer, testified about three separate instances in which Harris failed to verify her whereabouts outside of the home. On July 16, 2016, Harris was granted permission to go shopping for groceries, but failed to provide Green with a receipt. The next day, Harris was granted permission to attend church, but again failed to provide Green any documentation. Green testified, "All we ask is just for a bulletin that, you know, show kind of proof that they were [there] and she didn't have any documentation of that as well." Transcript at 6. Finally, Harris failed to have a nurse sign and verify her whereabouts while she visited her terminally ill husband at the Rehabilitation Hospital of Indiana. Harris gave Green a signed timesheet verifying when she visited her husband, but when Green called the hospital, Green found the names on the timesheet were not employees of the hospital. Green also testified she was aware Harris suffers from dementia and congestive heart failure.

[6]     Harris also testified at the hearing and admitted she violated the rules of home detention. To clarify her violations, Harris stated she went shopping at Dollar General near her home on July 16, but misplaced the receipt. On July 17, because Green would not allow her to attend her normal church as it is too far

from her home, Harris attended a different church near her home but also misplaced the church bulletin she picked up. In regard to her failure to have a nurse from the Rehabilitation Hospital of Indiana verify she visited her husband, Harris testified she simply had the wrong people sign her paperwork. She stated she is permitted to visit her husband most days from 3:00 p.m. until 6:00 p.m., which is the time during which her husband undergoes dialysis treatment. As Harris later discovered, the medical personnel administering her husband's dialysis were not employees of the Rehabilitation Hospital of Indiana, and for whatever reason, their signatures were not acceptable to Green.

[7] At the conclusion of the hearing, the trial court revoked Harris's placement in home detention and remanded her to the Department of Correction to serve the remaining 774 days of her previously suspended sentences. Harris now appeals.

# Discussion and Decision

[8] Initially, we note the standard of review on appeal from the revocation of direct placement in home detention mirrors that for revocation of probation. *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999). "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). To revoke a defendant's probation, the trial court must engage in a two-step process. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008). First, the trial court must make a factual

determination that a violation of a condition of probation actually occurred. *Id.* If a violation is proven, then the trial court must determine if the violation warrants revocation of the probation. *Id.* A trial court's sentencing decision for probation violations is reviewed for an abuse of discretion. *Prewitt*, 878 N.E.2d at 188. An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

[9] Harris argues the trial court abused its discretion in revoking her placement in home detention and ordering her to serve the remaining balance of her sentences in the Department of Correction. We agree.

[10] We acknowledge Harris admitted her violations[1] and that a "single violation of the conditions of probation is sufficient to support the [trial court's] decision to revoke probation." *Bussberg v. State*, 827 N.E.2d 37, 44 (Ind. Ct. App. 2005), *trans. denied*. However, under the facts and circumstances reflected in the record, including Harris's dementia and congestive heart failure, her desire to visit her terminally ill husband in the hospital, the minor violations committed, and the severity of the trial court's sentence, we conclude the trial court abused its discretion in finding her violations warranted serving 774 days in the

---

[1] We note the harmless nature of Harris's violations. Green did not testify that Harris left home detention without permission for long periods of time or that she doubted Harris actually visited the hospital, church, or the store, only that Harris was occasionally late returning home and failed to produce documentation verifying her whereabouts. For someone suffering from dementia, her struggles with keeping schedules and remembering probation rules should hardly come as a surprise. We do not wish to excuse her actions as she is on home detention for committing theft and must abide by the rules; however, we do not consider it an efficient use of the resources of the State of Indiana to remand an elderly woman suffering from dementia to the Department of Correction for such minor violations.

Department of Correction. *See Ripps v. State*, 968 N.E.2d 323, 325-26 (Ind. Ct. App. 2012) (concluding that in light of defendant's medical condition, the technical nature of the probation violation, and the fact defendant admitted to violating the terms of his probation, the trial court abused its discretion in ordering defendant to serve the remainder of his suspended sentence in the Department of Correction).

# Conclusion

We conclude the trial court abused its discretion in revoking Harris's placement in home detention. Accordingly, we reverse the trial court's order that Harris serve the remaining 774 days of her previously suspended sentences in the Department of Correction and remand with instructions for the trial court to continue Harris in home detention.

Reversed and remanded.

Barnes, J., concurs.

Kirsch, J., dissents.