## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 10 2018, 9:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Thomas Robert Bucher, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 10, 2018

Court of Appeals Case No.
15A01-1707-CR-1671

Appeal from the Dearborn Circuit Court

The Honorable James D. Humphrey, Judge

Trial Court Cause No.
15C01-1208-FC-72

**Robb, Judge.**

# Case Summary and Issue

[1] For the third time in this case, the trial court revoked Thomas Bucher, Jr.'s probation and ordered him to serve two years of his previously suspended sentence in the Indiana Department of Correction ("DOC"). On appeal, Bucher raises the sole issue of whether the trial court abused its discretion in revoking his probation and ordering him to serve two years of his sentence in the DOC. Concluding the trial court did not abuse its discretion, we affirm.

# Facts and Procedural History

[2] In 2012, Bucher stole tools and equipment from his father's garage. Following his arrest, the State charged Bucher with burglary, a Class C felony, and theft, a Class D felony. Bucher pleaded guilty to burglary and the trial court sentenced him to eight years with six of those years suspended to probation.

[3] Bucher was released from incarceration and began probation on June 28, 2013. Bucher's conditions of probation included the following:

> (a)  [Bucher] shall obey all conditions of probation set forth by the Dearborn County Probation Department . . . .
>
> * * *
>
> (e)  [Bucher] shall not consume alcoholic beverages or illegal controlled substances and shall be tested for consumption of [the] same at any time by the Probation Department or law enforcement officer.

Appellant's Appendix, Volume Two at 43. On January 28, 2014, the State filed a notice of probation violation alleging Bucher tested positive for a controlled substance. Bucher admitted the violation and the trial court revoked one year of his previously suspended sentence. On December 11, 2015, the State filed a second notice of probation violation alleging Bucher tested positive for ethyl glucuronide and ethyl sulfate—metabolites of alcohol. Bucher also admitted this violation and the trial court revoked another year of Bucher's suspended sentence; this left four years suspended to probation on his original sentence. Bucher served this sentence and was eventually re-released to probation.

[4] Bucher's probation officer, Jennifer Benson, scheduled an appointment with him on Friday, March 24, 2017. Several days prior to their meeting, Bucher called Benson and asked to reschedule to the following Monday. Bucher informed Benson his job required him to work out of town and she agreed to reschedule the appointment. On March 24, Bucher's ex-girlfriend called the probation office and informed Benson that Bucher had been drinking alcohol and using illegal narcotics. Benson then drove to Bucher's home and observed him in his driveway working on his car, not out of town as he claimed. From this point on, Benson had Bucher submit to a drug test every Monday, Wednesday, and Friday.

[5] On Monday, May 15, and Friday, May 19, Bucher again tested positive for metabolites of alcohol. Bucher's drug screens from Wednesday, May 17, and Monday, May 22, both returned negative for alcohol or narcotics. The State filed its third notice of probation violation on May 23. Convinced the tests

were false positives, Bucher submitted a hair follicle to United States Drug Testing Laboratories in Des Plaines, Illinois. This method of testing found no traces of ethyl glucuronide in Bucher's hair.[1] While awaiting his test results, Bucher skipped six probation appointments and drug screens from May 24 to June 5, 2017. The State subsequently amended its notice of probation violation to reflect these missed appointments.

[6] The trial court held a probation revocation hearing on June 29, 2017. At the hearing, the State submitted into evidence Bucher's two failed drug screens and his hair follicle test. Bucher called an independent forensic toxicologist, Harry Plotnick, to testify. Dr. Plotnick testified the hair follicle test and urine screenings of May 15 and May 19 were incompatible with each other and he had no explanation for why the urine screens tested positive but the hair follicle test came back negative for alcohol. The trial court found insufficient evidence that Bucher consumed alcohol in violation of the conditions of his probation; however, the trial court determined Bucher violated probation by skipping six probation appointments and revoked two years of Bucher's suspended sentence. Bucher now appeals.

# Discussion and Decision

---

[1] Hair follicle testing has a window of detection for alcohol of up to three months. Exhibits, Volume I at 14. By contrast, drug screens of urine have a window of two to three days. *Id.*

[7]    Probation is a conditional liberty that is a privilege, not a right. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). A single violation of a condition of probation is sufficient to revoke probation. *Id.* at 618. When a trial court determines probation has been violated and issues sanctions, we review for abuse of discretion. *Id.* at 616. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances before the court, or when the court misinterprets the law. *Id.* A trial court that has determined probation has been violated may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." Ind. Code § 35-38-2-3(h)(3).

[8]    Bucher does not challenge the trial court's determination he violated the conditions of his probation by skipping six probation appointments and drug screens. *See* Brief of Appellant at 9, 12 (admitting Bucher "technically violated his probation . . . ."). However, Bucher maintains his offenses were "minor violation[s]" caused by a "vengeful ex-girlfriend" which are undeserving of the revocation of probation and imposition of a two-year sentence in the DOC. Br. of Appellant at 5, 13. In support of his argument, Bucher cites to two cases, *Ripps v. State*, 968 N.E.2d 323 (Ind. Ct. App. 2012), and *Johnson v. State*, 62 N.E.3d 1224 (Ind. Ct. App. 2016).

[9]    In *Ripps*, the defendant pleaded guilty to child molesting and part of his sentence was suspended to probation. A condition of the defendant's probation was that he not live within 1,000 feet of a youth program center. Several years into his probation, the defendant, who was suffering from terminal cancer,

congestive heart failure, and pulmonary disease, moved into an assisted-living facility that was located within 1,000 feet of a youth program center. The defendant registered his address with the sheriff's department. The trial court revoked the defendant's probation and he was ordered to serve the nearly three years remaining of his sentence in prison. On appeal, we considered the "totality of the circumstances" presented by the case:

> [Defendant] was sixty-nine years old and suffering from serious health issues, including terminal cancer; he was attempting to adhere to his probation conditions, as evidenced by his going to the sheriff's office to register his new address; although he was initially in violation of the residency restriction, evidence reveals he was taking steps to correct the violation by finding a new residence; while he did live within 1,000 feet of the public library, this was only so by about twenty feet and some ambiguity exists in how this distance was measured; and, last, [the defendant] previously served time in prison for a crime that was later vacated as violative of our constitutional ex post facto provision.

*Ripps*, 928 N.E.2d at 328. Under these circumstances, we held it "was unreasonable for the trial court to determine [the] violation warranted revoking [the defendant's] probation." *Id.*

[10] In *Johnson*, the defendant, who had learning, cognitive, and memory deficiencies, pleaded guilty to neglect of a dependent and the trial court sentenced him to eleven years, with seven of those years served on home detention and the remainder suspended to probation. Shortly thereafter, community corrections filed a notice alleging the defendant was behind in probation fees, was given permission to travel to the social security office and

instead went elsewhere, went to the bank three hours before he was permitted to, moved the monitoring equipment in his apartment, and was seen sitting outside his apartment on the porch. Following a hearing, the trial court modified the defendant's sentence to seven years executed in the DOC.

[11] On appeal, this court agreed the "evidence supports the trial court's determination that [the defendant] violated the term of his community corrections placement that he not leave his apartment and its decision to revoke the placement." *Johnson*, 62 N.E.3d at 1231. However, we again looked to the totality of the circumstances and concluded the defendant's "level of . . . functioning and his resources, his previous successful placement on work release, the nature of the violation, and the severity of the court's sentence" warranted a finding the trial court abused its discretion. *Id.* at 1231. We ordered the trial court to place the defendant on work release. *Id.* at 1232.

[12] Notwithstanding the cases cited by Bucher, the trial court did not abuse its discretion in revoking his probation. Cumulatively, this was Bucher's third probation violation in this case, as he previously violated probation for consuming alcohol and controlled substances. The trial court revoked one year of Bucher's probation for each of the prior violations. With these previous abuses of probationary grace, Bucher presumably knew the trial court would not tolerate any further missteps. And although we are sympathetic to Bucher's situation, submitting a hair follicle sample to an independent laboratory did not require him to miss six probation appointments and drug screens over the

course of two weeks. The trial court indicated the same in its statement to Bucher.

> The Court: Mr. Bucher, do you know where you would be at right now had you not missed all these appointments that I found that you missed, and the tests? . . . You would be out of [jail] and you would be leaving because I found insufficient evidence on the drug testing. But that didn't happen.

Transcript at 60-61. Bucher claims he could not attend these appointments because he knew he would be arrested and therefore unable to prove his innocence if he met with his probation officer. However, Bucher offers no valid reason why he could not petition the trial court for a hair follicle test, or, in the alternative, notify his probation officer that he intended to submit a hair follicle test and then attend the rest of his appointments, as he is required to do by the terms of his probation.

[13]     As to the trial court's revocation of two years of Bucher's probation, the sentence is harsh but does not constitute an abuse of discretion. Indiana Code section 35-38-2-3(h)(3) permits a trial court to order a probationer to serve either all or part of a suspended sentence upon a single violation of probation. Bucher has now violated probation three times for failing to adhere to the terms of his probation's alcohol and controlled substances policy and for failing to attend probation appointments. Each of the previous two times, the trial court revoked one year of Bucher's probation. Because Bucher has previously struggled to adhere to the terms of his probation, we cannot say the trial court's

revocation of an additional two years of his sentence constitutes an abuse of discretion.

# Conclusion

[14] The trial court did not abuse its discretion in revoking Bucher's probation and ordering him to serve two years in the DOC. Accordingly, we affirm the trial court's order and sentence.

[15] Affirmed.

Crone, J., and Bradford, J., concur.