## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 04 2018, 9:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ronald K. Smith
Public Defender
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Daniel L. Jones, | September 4, 2018 |
| *Appellant-Defendant,* | Court of Appeals Case No. 18A-CR-949 |
| v. | Appeal from the Delaware Circuit Court |
| State of Indiana, | The Honorable Marianne L. Vorhees, Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 18C01-1507-F4-8 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Daniel L. Jones appeals the trial court's order requiring him to serve three years of the previously suspended portion of his sentence in the Department of Correction for violating his probation. Because Jones committed recurring criminal offenses while on supervised probation, we find no abuse of discretion and affirm the trial court.

# Facts and Procedural History

[2] In 2015, Jones was charged with escape, a Level 4 felony; resisting law enforcement, a Level 6 felony; and neglect of a dependent, a Level 6 felony. In February 2016, Jones pled guilty to the escape charge and the State dismissed the other charges. At the sentencing hearing, the trial court noted that Jones, age twenty, had prior juvenile adjudications and adult convictions and was on supervised probation when he committed the escape offense. Tr. pp. 8-9. The trial court sentenced Jones to four years, with 304 days executed and 1156 days suspended, and ordered him to serve three years on supervised probation.

[3] On December 12, 2017, the State filed a petition to revoke Jones's probation alleging that he committed two new criminal offenses on November 24, 2017: residential entry and criminal mischief. The next month, on January 30, 2018, the State amended its petition alleging that Jones committed five new criminal offenses on January 24, 2018: resisting law enforcement, possession of methamphetamine, possession of a narcotic drug, leaving the scene of an

accident, and operating a motor vehicle without ever receiving a license. At the fact-finding hearing, the trial court found that the State proved by a preponderance of the evidence that Jones violated his probation "by committing the offenses of residential entry and resisting law enforcement." *Id.* at 27.[1]

[4] At the dispositional hearing, Jones asked to be "released on GPS or house arrest" and testified:

> I have four kids and I know I've messed up in the past, but I really want—need to get out to take care of my children. I know that's not an excuse, that I have children, but I just want to get out to take care of my kids right now at this moment.

*Id.* at 32. The trial court ordered him to serve three years in the DOC.

[5] Jones now appeals.

# Discussion and Decision

[6] Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of a condition of probation actually occurred. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008). Second, the court must determine if the violation warrants revocation of probation. *Id.* When a probationer admits to the violation, the court can proceed to the second step

---

[1] Jones later pled guilty to committing these two offenses in the underlying criminal cases.

and determine whether the violation warrants revocation.  *Id.*  A probationer who admits to the violation must be given an opportunity to offer mitigating evidence suggesting the violation does not warrant revocation.  *Id.*  A trial court's sentencing decision for violating probation is reviewed for an abuse of discretion.  *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007); *Ripps v. State*, 968 N.E.2d 323, 326 (Ind. Ct. App. 2012).

[7]  Jones concedes that he violated his probation.  Appellant's Br. p. 9.  He argues, however, that the trial court abused its discretion by ordering him to serve three years in the DOC because he must take care of his four children.  He asks to "be restored to supervised probation."  *Id.* at 11.

[8]  However, the trial court has already given Jones the chance to take care of his children, and instead he continued committing criminal offenses.  Jones was on supervised probation when he committed the escape offense in 2015.  After the trial court sentenced Jones to supervised probation in 2016, he committed two new criminal offenses.  Notably, he committed the second of his new criminal offenses shortly after the State filed the original petition to revoke his probation.  Therefore, considering his recurring criminal offenses while on supervised probation, the trial court did not abuse its discretion in ordering Jones to serve three years of the previously suspended portion of his sentence in the DOC rather than returning him to probation.

[9]  Affirmed.

Riley, J., and Kirsch, J., concur.