## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 26 2018, 6:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Leslie J. Vickers, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | November 26, 2018 <br><br> Court of Appeals Case No. 18A-CR-932 <br><br> Appeal from the Dearborn Superior Court <br><br> The Honorable Jonathan N. Cleary, Judge <br><br> Trial Court Cause No. 15D01-1210-FC-226 |

**Mathias, Judge.**

[1] Leslie J. Vickers ("Vickers") appeals the Dearborn Superior Court's revocation of his probation, arguing the trial court abused its discretion when it ordered him to serve six years of his previously suspended sentence.

[2] We affirm.

## Facts and Procedural History

[3] In May of 2013, Vickers pleaded guilty to Class C felony forgery. He had made approximately $650 of unauthorized purchases using another individual's debit card. At the time of his forgery conviction, Vickers's criminal history included a 2013 active warrant for dealing less than two grams of heroin, a 2012 active warrant for fraudulent use of a credit card, a 2012 conviction for operating on a suspended driver's license, an operating while intoxicated conviction, two possession of marijuana convictions, and a 2007 dealing in marijuana conviction.

[4] The trial court accepted the plea and on June 4, 2013, imposed a sentence of eight years imprisonment with seven years suspended to probation. In April of 2014, his probation was transferred to Kentucky.

[5] In August of 2015, the State of Indiana requested revocation of Vickers's probation in this matter due to several alleged violations. Specifically, the State alleged that Vickers was indicted in Hamilton County, Ohio for committing a level four felony vehicular assault and a level three felony aggravated vehicular assault. He had overdosed on heroin and struck another vehicle, causing injury to another driver. Vickers pleaded guilty to a level three felony aggravated

vehicular assault and was sentenced to two years imprisonment in the Ohio Department of Correction. In its petition for revocation, the State also alleged that Vickers had left Kentucky without permission and that he had not resided at the location approved by probation for approximately six weeks prior to his arrest.

After Vickers completed his Ohio sentence, the trial court held a hearing in this matter, and Vickers admitted he had violated his probation as alleged. The trial court revoked Vickers's probation and ordered him to serve six years of his previously suspended sentence, with the seventh year to be served on release. Vickers appeals, arguing that the trial court abused its discretion.

## Discussion and Decision

Probation is a matter of grace left to the trial court's discretion, not a right to which a criminal defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke probation if the conditions are violated. *Id*. On appeal, "a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard." *Id*. An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* Further, on appeal, we consider only the evidence most favorable to the judgment without reweighing that evidence or judging the credibility of the witnesses. *Braxton v. State*, 651 N.E.2d 268, 270 (Ind. 1995). If there is substantial evidence of probative value to support the trial court's

decision that a defendant has violated any terms of probation, the reviewing court will affirm its decision to revoke probation. *Id.*

[8] Vickers primarily argues that *Johnson v. State,* 62 N.E.3d 1224 (Ind. Ct. App. 2016), and the line of cases upon which it relies are persuasive. We disagree. In *Johnson,* our court determined that a trial court abused its discretion by ordering a defendant to serve the entirety of the remaining portion of his executed sentence in the Department of Correction ("DOC") for being "out of place" for short times and moving GPS equipment while on electronic monitoring because those violations were minor in relation to the severity of the revocation of probation. *Id.* at 1231. In *Sullivan v. State*, 56 N.E.3d 1157 (Ind. Ct. App. 2016), our court found the trial court abused its discretion by ordering an offender to serve the remainder of his sentence executed in the DOC for the failure to report to his community corrections placement because he was hospitalized at a mental health facility. *Id.* at 1162. In *Ripps v. State*, the violation was technical in nature, and it was unclear if he had violated the terms of his sex offender probation by committing a new offense by living near a public park and youth center because he was residing in an assisted care facility due to a medical condition. 968 N.E.2d 323, 328 (Ind. Ct. App. 2012). In *Puckett v. State*, 956 N.E.2d 1182 (Ind. Ct. App. 2011), we reversed the trial court's probation revocation due to its reliance on factors outside of the probation revocation allegations. *Id.* at 1187–88.

[9] Here, Vickers not only left Kentucky without permission and failed to reside at his approved residence for six weeks, he committed Level 3 felony aggravated

assault for injuring someone while he was driving during an overdose. We cannot agree with Vickers that he committed only a minor or technical violation. Nor does the record show that the trial court relied on evidence or allegations outside of the revocation proceedings. Accordingly, we find no abuse of discretion by the trial court.

[10] Vickers also alleges that several factors are mitigating to his probation violations. Specifically, Vickers points to his acceptance of responsibility for the violations, the substance abuse programming he completed as well as the employment he held while incarcerated in the Ohio Department of Corrections. Vickers also testified that he intended to work on a road project in Kentucky upon release. Any argument that these factors should outweigh the severity of his probation violations amount to a request to reweigh the evidence, which is not our role on appellate review.

## Conclusion

[11] Because the trial court relied on sufficient evidence that Vickers's violations were severe, and because we will not reweigh the evidence, we affirm the trial court's revocation of Vickers's probation.

[12] Affirmed.

Bailey, J., and Bradford, J., concur.