## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 11 2019, 9:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

R. Patrick Magrath
Laura R. Raiman
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Dawn Rauch
Certified Legal Intern

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Timothy Ford,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

September 11, 2019

Court of Appeals Case No.
19A-CR-662

Appeal from the
Bartholomew Superior Court

The Honorable
James D. Worton, Judge

Trial Court Cause No.
03D01-1406-FA-2497

**Vaidik, Chief Judge.**

# Case Summary

[1]     Timothy Ford appeals the trial court's order requiring him to serve his six-year suspended sentence in the Department of Correction for violating his probation. We affirm.

# Facts and Procedural History

[2]     In 2014, Ford pled guilty to Class B felony dealing in a narcotic drug. The trial court sentenced him to twelve years, with eight years executed in the DOC and four years suspended to probation. The court later modified Ford's sentence to six years executed in the DOC and six years suspended, with three years of probation.

[3]     In January 2018, the State filed a petition to revoke Ford's probation, alleging that he failed to report for drug screens on "multiple occasions." Appellant's App. Vol. II p. 98. An initial hearing was set for January 29. Ford, however, failed to appear at the initial hearing, and a warrant was issued for his arrest. Ford was arrested on the warrant one year later in January 2019. *See* 03D01-1406-FA-2497.

[4]     A fact-finding/dispositional hearing was held in February 2019. At the hearing, Ford admitted that he violated his probation by not reporting for drug screens. Tr. pp. 4, 6-7. According to Ford, he didn't report because he didn't have a ride or money for the bus, which meant that he had to walk three hours to get to the probation department. *Id.* at 8. The probation officer testified that

the probation department's recommendation was that Ford "execute the balance of his sentence," not so much because he failed to report for drug screens but more so because of "what [h]as transpired since." *Id.* at 11-12. That is, the probation officer explained that after Ford failed to appear at the initial hearing in January 2018, the probation department "hadn't heard anything from him" until he was arrested on the warrant in January 2019.[1] *Id.* at 12. The trial court ordered Ford to serve his six-year suspended sentence in the DOC.

[5] Ford now appeals.

# Discussion and Decision

[6] Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of a condition of probation occurred. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008). Second, the court must determine if the violation warrants revocation of probation. *Id.* When a probationer admits to the violation, the court can proceed to the second step and determine whether the violation warrants revocation. *Id.* A probationer who admits to the violation must be given an opportunity to offer mitigating evidence suggesting the violation does not warrant revocation. *Id.* A trial court's sentencing decision for violating probation is reviewed for an abuse of

---

[1] In addition, the record shows that in January 2019 Ford was charged with felony resisting law enforcement for a July 2018 incident. *See* 49G09-1901-F6-485. This charge appears to be pending.

discretion. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007); *Ripps v. State*, 968 N.E.2d 323, 326 (Ind. Ct. App. 2012).

[7] Ford admits that he violated his probation. He argues, however, that his "violation was technical in nature" and therefore the trial court abused its discretion by ordering him to serve his six-year suspended sentence in the DOC. Appellant's Br. p. 11. Accordingly, he asks us to "reinstate [his] probation." *Id.* at 12.

[8] Ford acknowledges that he pled guilty to dealing drugs, was ordered to undergo drug screens, and then didn't report for them. But what Ford does not acknowledge is that when the State filed a petition to revoke his probation for not reporting for drug screens, he failed to appear at the January 2018 initial hearing, and a warrant was issued for his arrest. Ford was arrested on the warrant one year later in January 2019. During that one-year period, Ford did not contact probation. Based on Ford's serious failures to abide by the rules of probation, the trial court did not abuse its discretion in ordering Ford to serve his six-year suspended sentence in the DOC rather than returning him to probation.

[9] Affirmed.

Riley, J., and Bradford, J., concur.