# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 31 2018, 5:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Laura Sorge Fattouch
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Kraig Matthew Wyatt,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 31, 2018

Court of Appeals Case No.
18A-CR-358

Appeal from the Dearborn Circuit Court

The Honorable James D. Humphrey, Judge

Trial Court Cause No.
15C01-1504-F5-29

**Rucker, Senior Judge.**

[1] The trial court revoked Kraig Wyatt's probation. Wyatt now appeals contending the trial court abused its discretion in so doing. Finding no abuse we affirm.

## Facts and Procedural History

[2] Apparently arising out of a domestic altercation[1] the State, on April 17, 2015, charged Wyatt in a five-count Information with intimidation as a level 5 felony;[2] battery by means of a deadly weapon as a level 5 felony;[3] battery with moderate bodily injury as a level 6 felony;[4] criminal mischief as a class A misdemeanor;[5] and possession of a controlled substance as a class A misdemeanor.[6] Thereafter Wyatt entered an agreement with the State and pleaded guilty as charged to battery by means of a deadly weapon and criminal mischief. The State dismissed the remaining charges. Pursuant to the agreement the trial court sentenced Wyatt to an aggregate term of six years in the Indiana Department of Correction with two years executed and four years suspended to probation. The terms and conditions of probation included: (i)

---

[1] We say "apparently" because the underlying record is not before us. However, the statutory elements of the offenses listed in footnotes 2, 3, and 4 suggest harm to a family member.

[2] Ind. Code § 35-45-2-1 (a)(2) (2014).

[3] Ind. Code § 35-42-2-1(b)(1)(g)(2) (2014).

[4] Ind. Code § 35-42-2-1(b)(1)(e)(1).

[5] Ind. Code § 35-43-1-2(a) (2014).

[6] Ind. Code § 35-48-4-7(a) (2014).

no use of controlled substances; (ii) payment of court costs and probation fees within 60 days of release from incarceration; and (iii) compliance with substance abuse evaluation and treatment recommendations.

[3]     Wyatt was released from incarceration October 13, 2016. Because of the non-payment of fees Wyatt had violated at least one provision of his probation within the first few weeks. In any case several months later the Dearborn County Probation Department filed a petition for probation violation. The petition alleged that Wyatt had violated the terms of his probation by: (i) testing positive for controlled substances on three separate occasions; (ii) failing to pay court costs or probation fees; and (iii) missing four scheduled substance abuse treatment sessions.

[4]     At a fact-finding hearing conducted December 12, 2017 Wyatt admitted the allegations in the petition. Thereafter on January 2, 2018 the trial court conducted a dispositional hearing "on the issue of a probation violation request." Tr. Vol. 1 p. 4. After considering the evidence and entertaining arguments of counsel, the trial court ordered "three (3) years and one hundred eighty (180) days of defendant's four (4) year suspended sentence be revoked and that probation shall be terminated." Appellant's App. Vol. 2 p. 19. As a consequence, after being awarded credit for time served, Wyatt was sentenced to the Department of Correction for a period of three and a half years. This appeal followed. Additional facts are set forth below as necessary.

## Discussion

[5] Wyatt complains the trial court abused its discretion by revoking his probation. He does not appear to contend the trial court abused its discretion in general by revoking probation. Rather Wyatt seems to take the position the trial court revoked too much of his probation.[7] In any event, "[p]robation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013) (quoting *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007)). Like the decision to grant probation, the decision to revoke probation also rests with the sole discretion of the trial court. *See Reyes v. State*, 868 N.E.2d 438, 440 (Ind. 2007). And its decision is reviewed on appeal only for abuse of that discretion. *Prewitt*, 878 N.E.2d at 188. An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court. *Washington v. State*, 784 N.E.2d 584, 587 (Ind. Ct. App. 2003).

[6] Acknowledging three failed drug screens and missing four sessions of substance abuse treatment, Wyatt argues he presented evidence at the hearing that "explains and mitigates his violation." Appellant's Br. p. 9. For example Wyatt testified that he was not compliant with substance abuse treatments

---

[7] For example throughout his brief Wyatt consistently frames the argument as "[t]he trial court abused its discretion in revoking three (3) years and one hundred eighty (180) days of Wyatt's four (4) years [sic] suspended sentence." Appellant's Br. pp. 5, 6, 7, 10; *see also* Tr. Vol. 1 p. 15 (conceding "[Wyatt] is going to have to take a consequence" for violating probation; but disagreeing that the "entire revocation, the entire period of time is appropriate.").

because of "[m]y job. I wasn't able to make it because I was working most of the time. . . ." Tr. Vol. 1 p. 8. According to Wyatt his "biggest obstacle was failing to address his substance abuse issues with outpatient treatment." Appellant's Br. p. 9 (quoting Tr. Vol. 1 p. 19). In his argument before the trial court counsel conceded that the then thirty-five year old Wyatt has a "bad record"[8] and offered that his client "also appears to have an addiction problem . . . ." Tr. Vol. 1 p. 14. In pressing for a sanction other than full revocation counsel argued: "What it boils down to is, he had a relapse. . . ." Tr. Vol. 1 p. 14.

[7] In this appeal Wyatt advances a similar theme contending the revocation as ordered by the trial court "was not warranted considering the nature and circumstances surrounding his probation violation." Appellant's Br. p. 10. According to Wyatt, "the trial court bypassed more effective sanctions that could have provided Wyatt with treatment and assisted in his successful reentry into society." *Id.*

[8] The trial court rejected Wyatt's claim that drug dependency or employment was to blame for Wyatt's probation violation. The trial court explained for example:

---

[8] The presentence investigation report for the underlying offenses detailing Wyatt's criminal history is not included in the record before us. However, at the dispositional hearing the probation officer testified in part that Wyatt has "four (4) felony convictions, thirteen (13) misdemeanor convictions, five (5) prior probation violations. This would be the sixth (6th) and he has been to prison five (5) times." Tr. Vol. 1 p. 12.

> Mr. Wyatt was given the opportunity to help deal with the substance abuse and he chose not to do it. He claims that it was because he didn't have time because of work. Given his history, this is the number one (1) priority and I am not impressed to [hear him] say that work is the reason why this wasn't done.

Tr. Vol. 1 p. 17. As this court has recently observed, if the trial court determines a probationer has violated a term of probation, then the court may impose one or more of the following sanctions:

> (1) Continue the person on probation, with or without modifying or enlarging the conditions.

> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.

> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

*Knecht v. State*, 85 N.E.3d 829, 839-40 (Ind. Ct. App. 2017) (citing Ind. Code § 35-38-2-3(h) (2015)). Here, the trial court ordered execution of part of Wyatt's suspended sentence under subsection (h)(3).

[9] Wyatt's revocation was not an abuse of discretion. Wyatt does not contest that he violated probation and it is not at all clear how the trial court may have abused its discretion by exercising an option clearly provided by statute. In addition Wyatt repeatedly violated his probation not only in this case but on prior occasions as well. *See* n. 8. Given Wyatt's multiple probation violations, past criminal history, and unwillingness or inability to address his apparent substance abuse issues, the trial court's revocation of all but six months of

Wyatt's four-year probationary term was consistent with the logic and effect of the facts and circumstances before the trial court. In sum the trial court acted well within its discretion in revoking Wyatt's probation.

## Conclusion

[10] We affirm the judgment of the trial court.

[11] Affirmed.

Kirsch, J., and Altice, J., concur.