## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 31 2019, 7:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Alexander L. Hoover
Law Office of
Christopher G. Walter, P.C.
Nappanee, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Kelly A. Loy
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jeffery S. Sodeman,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 31, 2019

Court of Appeals Case No.
18A-CR-2130

Appeal from the
Elkhart Circuit Court

The Honorable
Michael A. Christofeno, Judge

Trial Court Cause No.
20C01-1203-FB-35

**Kirsch, Judge.**

[1] Jeffery S. Sodeman ("Sodeman") appeals the trial court's order revoking his probation, raising the following restated issue: whether the trial court abused its

discretion when it ordered Sodeman to serve the remainder of his previously-suspended sentence.

[2] We affirm.

## Facts and Procedural History

[3] On November 29, 2012, the trial court accepted Sodeman's plea of guilty to dealing in cocaine as a Class B felony and sentenced him to fourteen years, with eight years executed in the Indiana Department of Correction ("the DOC") and six years suspended to probation. *Appellant's App. Vol. II* at 43-44. On March 11, 2015, based on the DOC's determination of eligibility, the trial court ordered Sodeman to be placed in the Community Transition Program. *Id*. at 9. Sodeman was released from the DOC to probation on December 15, 2015. *Id.* at 102.

[4] Between May 2016 and March 2018, the State filed three notices that Sodeman had violated terms of his probation. On May 18, 2016, the State filed a Violation of Probation Petition, alleging that Sodeman had tested positive on a drug screen. Sodeman admitted to that violation, and on July 14, 2016, the trial court revoked his probation and ordered that he serve the previously-suspended six-year sentence in the DOC, with two of those years executed and four years again suspended to "reporting probation." *Id.* at 11. The trial court also ordered "purposeful incarceration," stating, "[U]pon successful completion, the [trial court] will consider a modification of [Sodeman's]

sentence." *Id*. Sodeman was released to reporting probation on July 2, 2017, at which time he had 1,035 days left to serve. *Tr. Vol. II* at 9.

[5] On November 7, 2017, the State filed a second Violation of Probation Petition, alleging that Sodeman missed two probation appointments and had failed to pay any costs or fees. *Appellant's App*. Vol. II at 129-30. Sodeman admitted to this second violation, and in its November 30, 2017 order, the trial court "returned Sodeman to probation for the remainder of his suspended sentence," warning Sodeman that if he violated probation again, "it will likely mean he will be revoked from probation and be placed in the [DOC.]" *Id*. at 139.

[6] The State filed its third and final Violation of Probation Petition on March 9, 2018, alleging that Sodeman had missed a scheduled appointment and failed to submit to a drug screen. At the June 28, 2018 hearing, the trial court granted defense counsel's request that Sodeman be evaluated before the sanctions phase. *Tr. Vol. II* at 3. To that end, the Director of Operations of Michiana Community Corrections, Rachel Wolvos ("Wolvos"), met with Sodeman to evaluate "possible sentencing alternatives." *Appellant's App. Vol. II* at 157. On July 16, 2018, Wolvos filed a letter with the trial court reporting that, although Sodeman admitted to having used cocaine and Vicodin last in April 2018, he would be eligible for the home detention program. *Id*. A condition to such placement, however, was that Sodeman obtain a substance abuse evaluation and follow all treatment recommendations. *Id*.

[7] During the probation revocation hearing on July 19, 2018, Sodeman admitted that he had violated the terms of probation. When asked by the trial court why he did not submit to the drug screen, Sodeman explained that he "didn't have gas money or a ride to the urinalysis," he "was off work," "had been sick," and since then he has been in hospital for the treatment of heart issues and blood clots. *Tr. Vol. II* at 6, 8.

[8] The State responded:

> You know, when I look at this file, which I have had since 2012 myself, I see a number of violations that have happened just on this case. And on *12/7/ 17*, I wrote in my file that I personally spoke with John Curtis,[1] who would take him back; but, underlined, says he consistently has minor mess ups; return to probation; zero tolerance, underlined one, two, three times.

> So then I look at the VOP[2] that's going on here, and that basically echo[e]s exactly what -- I know that the -- the Court admonished him back when we did that VOP. Then I look at his PSI, and it's just ripe [sic] with violation, violation, violation, violation, violation. You know, there just comes a time when you just -- if you violate, you go back and do your time. And it is that time for this defendant.

---

[1] While not explained during the probation revocation hearing, John Curtis was the probation officer who filed the Violation of Probation Petition against Sodeman on each of May 19, 2016, November 7, 2017, and March 9, 2018. *Appellant's App. Vol. II* at 102, 129, 141.

[2] While VOP is not defined, from the context, it appears to be Violation of Probation.

*Id.* at 10-11 (emphasis added). Sodeman, speaking on his own behalf, told the trial court that he was staying out of trouble and trying to change. Sodeman also said he knew a retired police officer who had agreed to act as his sponsor in a drug treatment program. *Id*. at 11-12.

[9] After considering these factors, the trial court found that Sodeman had violated the terms of probation. Revoking Sodeman's probation, the trial court again imposed the previously-suspended 1,035 days and ordered him to serve that time in the DOC. *Id*. at 13. The trial court also placed Sodeman "on Recovery While Incarcerated or some other therapeutic community drug program to be determined by the [DOC]," stating, "The [trial court] will consider a sentence modification upon the defendant's completion of that therapeutic community drug program." *Id*. Sodeman now appeals that sanction.

## Discussion and Decision

[10] Sodeman contends that the trial court abused its discretion when it imposed the remainder of the previously-suspended sentence as the sanction for his probation violation. "'Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled.'" *Cain v. State*, 30 N.E.3d 728, 731 (Ind. Ct. App. 2015) (quoting *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007)), *trans. denied*. "Courts in probation revocation hearings 'may consider any relevant evidence bearing some substantial indicia of reliability.'" *Id*. (quoting *Cox v. State*, 706 N.E.2d 547, 551 (Ind. 1999)). "It is within the discretion of the trial court to determine the conditions of a

defendant's probation and to revoke probation if the conditions are violated." *Id*. Our court has said that "all probation requires 'strict compliance'" because once the trial court extends this grace and sets its terms and conditions, the probationer is expected to comply with them strictly." *Id*. at 731-32 (quoting *Woods v. State*, 892 N.E.2d 637, 641 (Ind. 2008)). "If the probationer fails to do so, then a violation has occurred." *Id*.

[11] Regarding the State's March 9, 2018 Violation of Probation Petition, Sodeman admitted to having violated his probation by missing a scheduled appointment and failing to submit to a drug screen. *Tr. Vol. II* at 5-6. Where, like here, the trial court finds that a defendant has violated a condition of his probation, it may (1) continue the probation with or without modifying the probation conditions; (2) extend the probationary period for up to one year; or (3) revoke the probation and order the execution of all or part of the sentence suspended at the initial hearing. Ind. Code § 35-38-2-3(h). We review a trial court's sentencing decisions for probation violations under an abuse of discretion standard. *Knecht v. State*, 85 N.E.3d 829, 840 (Ind. Ct. App. 2017). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id*. Accordingly, the question before us is whether the trial court abused its discretion when it ordered Sodeman to serve his previously suspended sentence of 1,035 days. We find no abuse of discretion.

[12] The trial court gave Sodeman numerous opportunities to remain on probation and, thereby, avoid serving his sentence in prison. In 2012, the trial court sentenced him to fourteen years for dealing in cocaine, of which six years were

suspended to probation. With credit time, Sodeman was released from the DOC to probation on December 15, 2015. *Appellant's App. Vol. II* at 102. By May 2016, the State had filed a Revocation of Probation Petition, alleging that Sodeman had violated the terms of probation by testing positive on a drug screen. After Sodeman admitted to the positive drug test, the trial court revoked his probation and imposed the previously-suspended six-year sentence, ordering that two years be served in the DOC. The trial court again granted Sodeman grace and suspended the remaining four years to reporting probation. *Id.* at 11.

[13] On November 7, 2017, the State filed a second Violation of Probation Petition, alleging that Sodeman missed two probation appointments and had failed to pay any costs or fees. *Id.* at 129-30. Sodeman admitted to this second violation, and the trial court returned him to probation for the remainder of his suspended sentence. At that time, the trial court admonished Sodeman that if he violated probation again, "it will likely mean he will be revoked from probation and be placed in the [DOC.]" *Id.* at 139.

[14] Notwithstanding that warning, the State had to file a third Violation of Probation Petition on March 9, 2018, alleging that Sodeman had missed a scheduled appointment and failed to submit to a drug screen. The trial court held a hearing, during which the trial court reviewed Wolvos's letter regarding sentencing alternatives and discovered that Sodeman had last used cocaine and Vicodin in April 2018, a date that was after the State's filing of the third Violation of Probation Petition. The State shared the comments of Sodeman's

probation officer, given at the time of Sodeman's second violation, that there was a zero-tolerance policy for future violations. *Tr. Vol. II* at 10. The State emphasized that Sodeman's PSI was rife with violations. *Id*. at 11. As such, the State concluded, "It's time for this individual to do his back-up time incarcerated, no Community Corrections." *Id*. at 10. The trial court did not abuse its discretion when it ordered Sodeman to serve his previously-suspended sentence of 1,035 days in the DOC.[3]

[15] Affirmed.

Riley, J., and Robb, J., concur.

---

[3] Our conclusion is further bolstered by the trial court's determination that it "will consider a sentence modification upon the defendant's completion of" a "therapeutic community drug program to be determined by the [DOC]." *Tr. Vol. II* at 13.