## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 12 2019, 8:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

Laura Sorge Fattouch
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew F. Kite
Angela Sanchez
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dennis Jason Lee,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

February 12, 2019

Court of Appeals Case No.
18A-CR-1792

Appeal from the
Ripley Superior Court

The Honorable
Jeffrey Sharp, Judge

Trial Court Cause No.
69D01-1709-F6-172

**Kirsch, Judge.**

[1] Dennis Jason Lee ("Lee") appeals from the trial court's order revoking his probation. He raises one issue for our review: whether the trial court abused its

discretion when it ordered him to serve 650 days of his previously-suspended sentence.

[2] We affirm.

## Facts and Procedural History

[3] On September 13, 2017, the State charged Lee with Level 6 felony nonsupport of a dependent child, alleging that Lee knowingly failed to provide support for his child since July 1, 2014. *Appellant's App. Vol. 2* at 9. On the same day, a probable cause affidavit was filed, stating that Lee had not made child support payments and had an arrearage of $44,866.62 as of July 31, 2017. *Id*. at 13. On November 28, 2017, Lee pleaded guilty to Level 6 felony nonsupport of a dependent child and was sentenced to 910 days with 752 days suspended to probation. Lee's plea agreement stipulated that he would make weekly child support payments of $62.00 in a timely manner during his entire probationary period lasting 752 days. *Id*. at 13, 25-26. The plea agreement further stipulated that failure to pay child support for two consecutive weeks or a total of three missed weeks would result in a violation of probation. *Id*. at 26.

[4] On February 14, 2018, the State filed a "Petition for Probation Violation Hearing," alleging that Lee had failed to make child support payments as directed by the trial court. *Id*. at 27-28. The petition stated that Lee's last child support payment was on January 19, 2018 in the amount of $62.50, which left Lee with an arrearage sum of $46,416.50. *Id*. at 28. A warrant was issued for Lee's arrest. *Id*. at 29.

[5] On July 9, 2018, the trial court held a hearing, during which Lee admitted violating probation by failing to make child support payments. *Tr. Vol. 2* at 14. In determining the appropriate sanction for Lee's probation violation, the trial court observed that the crime for which Lee was on probation was nonsupport of a dependent child as a Level 6 felony. *Id.* at 17. The trial court took into consideration Lee's criminal history, which included several prior convictions for crimes such as residential entry, criminal trespass, dealing marijuana, battery, possession of a narcotic, and resisting law enforcement. *Id.* The trial court also stated that Lee had violated probation in his prior cases on numerous occasions. *Id.* The trial court considered as a mitigating circumstance that Lee had admitted the probation violation and had done so early in the proceedings. *Id.*

[6] As to the circumstances of his probation violation, the trial court found that the amount of the arrearage was an aggravating factor. *Id.* The trial court noted that Lee had never filed anything with the court requesting a reduction or abatement in his child support and had never informed the trial court of any change of employment issues or change of income. *Id.* The trial court further found that Lee had consistently disregarded his child support obligations. *Id.* at 17-18. The trial court, therefore, revoked Lee's probation, ordered him to serve 650 days of his previously-suspended sentence, and terminated his probation. *Id.* at 18. The trial court credited Lee with 61 days for time served, which it noted would amount to 122 days with good time credit. *Id.* Lee now appeals.

# Discussion and Decision

[7] "'Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled.'" *Cain v. State*, 30 N.E.3d 728, 731 (Ind. Ct. App. 2015) (quoting *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007)), *trans. denied*. "Courts in probation revocation hearings 'may consider any relevant evidence bearing some substantial indicia of reliability.'" *Id*. (quoting *Cox v. State*, 706 N.E.2d 547, 551 (Ind. 1999)). "It is within the discretion of the trial court to determine the conditions of a defendant's probation and to revoke probation if the conditions are violated." *Id*. Our court has said that "all probation requires 'strict compliance'" because once the trial court extends this grace and sets its terms and conditions, the probationer is expected to comply with them strictly." *Id*. at 731-32 (quoting *Woods v. State*, 892 N.E.2d 637, 641 (Ind. 2008)). "If the probationer fails to do so, then a violation has occurred." *Id*. If a violation is proven, the trial court must determine if the violation warrants revocation of the probation. *Sullivan v. State*, 56 N.E.3d 1157, 1160 (Ind. Ct. App. 2016). "'However, even a probationer who admits the allegations against him must still be given an opportunity to offer mitigating evidence suggesting that the violation does not warrant revocation.'" *Id.* (quoting *Ripps v. State*, 968 N.E.2d 323, 326 (Ind. Ct. App. 2012)).

[8] If the trial court determines a probationer has violated a term of probation, then the court may impose one or more of the following sanctions: (1) continue the person on probation, with or without modifying or enlarging the conditions; (2) extend the person's probationary period for not more than one year beyond the

original probationary period; or (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(h). We review a trial court's sentencing decisions for probation violations under an abuse of discretion standard. *Knecht v. State*, 85 N.E.3d 829, 840 (Ind. Ct. App. 2017). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[9]     Lee argues that the trial court abused its discretion when it ordered him to serve 650 days of his previously-suspended sentence. Specifically, he asserts that the trial court's stated aggravating factors of his criminal history and failure to file a request to abate his child support obligation did not arise since he was placed on probation and that the only changed circumstance shown was that he was involuntarily unemployed due to his place of employment being destroyed. Lee further contends that, based on his timely admission to the violation and the "essentially technical nature of his violation," it was an abuse of discretion for the trial court to revoke the majority of his suspended time. *Appellant's Br*. at 11.

[10]    Lee's underlying conviction in this case was for Level 6 felony nonsupport of a dependent child. As a condition of his probation for that conviction, he was ordered to make weekly child support payments of $62.00 in a timely manner, and a failure to pay child support for two consecutive weeks or a total of three missed weeks would result in a violation of probation. *Appellant's App. Vol. 2* at 13, 25-26. On February 14, 2018, the State filed a petition to revoke Lee's probation alleging that he had failed to make child support payments as

directed by the trial court and that his last child support payment was on January 19, 2018, with an arrearage sum of $46,416.50. *Id*. at 27-28.

[11] In its consideration of what sanction to impose, the trial court found as aggravating factors the amount of the arrearage and that Lee had a criminal history that included several prior probation violations. The trial court found as a mitigating factor the fact that Lee admitted his violation so early in the proceedings. The trial court went on to state that Lee had not requested any reduction or abatement to his child support obligation based on his change in income. Although Lee alleges that the failure to file a request to abate his child support obligation did not arise since the time he was placed on probation, this is not true; Lee claims that he lost his employment subsequent to being placed on probation, and therefore, he could have filed a request to reduce or abate his obligation in the time since he lost his employment. Based on Lee's underlying conviction for nonsupport of a dependent child and his constant disregard for his child support obligation, it was not against the logic and effect of the facts and circumstances for the trial court to order Lee to serve 650 days of his previously-suspended sentence. We conclude that the trial court did not abuse its discretion.[1]

---

[1] Lee cites to several cases to support his assertion that the trial court abused its discretion because the nature of his violation was minor or technical. However, we disagree with Lee's characterization of his violation as minor or technical. Lee was originally convicted of Level 6 felony nonsupport of a dependent child and given a sentence suspended to probation on November 28, 2017. As a condition of probation, Lee was required to pay his child support obligation weekly, and by February 14, 2018, when the petition to revoke

[12]     Affirmed.

Riley, J., and Robb, J., concur.



---

probation was filed, he had already failed to pay his obligation as ordered.  We do believe that such a violation is minor or technical in nature.