## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 05 2020, 11:26 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Andrew B. Arnett
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Angela N. Sanchez
Assistant Section Chief,
Criminal Appeals
Office of Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kari Christina Spray, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff,* | June 5, 2020 <br><br> Court of Appeals Case No. 19A-CR-2250 <br><br> Appeal from the Johnson Superior Court <br><br> The Honorable Peter D. Nugent, Judge <br><br> Trial Court Cause No. 41D02-1805-F6-226 |

**Robb, Judge.**

# Case Summary and Issue

Kari Spray appeals the trial court's revocation of her suspended sentence raising one issue for our review, namely whether the trial court abused its discretion in ordering her to serve her entire previously suspended sentence at the Indiana Department of Correction ("DOC"). Concluding the trial court did not abuse its discretion in imposing this sanction, we affirm.

# Facts and Procedural History

On September 19, 2018, Spray pleaded guilty to theft and resisting law enforcement as Class A misdemeanors. The trial court sentenced Spray to serve 365 days in the county jail – seventy-seven (thirty-nine actual) days executed and 288 days suspended to active probation – and ordered that she complete a mental health evaluation and any recommended treatment.[1] Appellant's Appendix, Volume 2 at 10-11.

On April 23, 2019, Spray's probation officer filed a Petition to Revoke Probation and Request for Warrant that was amended twice, ultimately alleging Spray violated the following terms of her probation:

> 1. Refrain from Violation of any Federal, State, and Local Law;
> to wit: On or about April 9, 2019, [Spray] was charged in Scott County, Indiana, on cause 72C01-1904-CM-000149 with Ct. I:

---

[1] This sentence was ordered to be served consecutively to a sentence in another case that, although it was also addressed in these probation revocation proceedings, is not subject to this appeal.

Domestic Battery, Class A Misdemeanor and Ct. II: Resisting Law Enforcement, Class A Misdemeanor.

2. Not to Purchase, Consume or Possess any Alcoholic Beverage; to wit: On or about April 9, 2019, [Spray] was arrested in Scott County, Indiana and charged on cause 72C01-1904-CM-000149. The affidavit for probable cause indicates [Spray] was intoxicated.

3. Contact Probation within 72 Hours of Incarceration; . . . [Spray] notified this officer of the [April 9] arrest via e-mail on April 22, 2019.

4. Not to Purchase, Consume or Possess Any Alcoholic Beverage; to wit: On or about June 14, 2019, [Spray] tested positive for alcohol on a urine drug screen conducted at the Johnson County Adult Probation Department.

5. Refrain from Violation of any Federal, State, and Local Law; to wit: On or about June 14, 2019, [Spray] was charged in Jackson County, Indiana on cause 36D01-1906-CM-000659 with Ct. I: Criminal Trespass, Class A Misdemeanor.

6. Refrain from Violation of any Federal, State, and Local Law; to wit: On or about June 14, 2019, [Spray] was charged in Jackson County, Indiana, on cause 36D01-1906-CM-000660 with [seven counts of] Unlawful Use of 911 Service, [all] Class A Misdemeanor[s].

*Id.* at 36.

[4]    A revocation hearing was held on August 7, 2019, during which Spray testified that, aside from her arrests, she was compliant with the terms of her probation:

> I showed up at every appointment, every random drug screen I showed up, I never missed a court hearing, I actually voluntarily went to mental health crisis emergency places in Indianapolis. I got evaluated, they diagnosed me with multiple disorders, mental health issues. And I was going to follow up with them but then I got arrested here.

Transcript, Volume 2 at 10. With respect to the Jackson County charges, Spray testified "[t]here's an alleged child abuse, and my children are in . . . their father's care . . . he's abused them in the past, he's been charged with child abuse in the past. . . . And the charges are related to that." *Id.* at 11. The trial court found that Spray violated the terms of her probation, revoked her probation, and ordered that she serve her entire previously suspended sentence (288 days) at the DOC. Spray now appeals.

# Discussion and Decision

## I. Standard of Review

> Probation is a matter of grace and a conditional liberty which is a favor, not a right. The trial court determines the conditions of probation and may revoke probation if those conditions are violated. The decision to revoke probation is within the sound discretion of the trial court. And its decision is reviewed on appeal for abuse of that discretion. An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court. Further, on appeal "we consider only the evidence most favorable to the judgment without reweighing that evidence or judging the credibility of the witnesses. . . ."

*Ripps v. State*, 968 N.E.2d 323, 326 (Ind. Ct. App. 2012) (citations omitted). And we also review a trial court's sentencing decisions for probation violations for an abuse of discretion. *Knecht v. State*, 85 N.E.3d 829, 840 (Ind. Ct. App. 2017).

## II. Sanction for Probation Violation

As our supreme court has explained, the revocation of an individual's probation is a two-step process. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008). "First, the court must make a factual determination that a violation of a condition of probation actually occurred. If a violation is proven, then the trial court must determine if the violation warrants revocation of the probation." *Id.* If the trial court finds that a violation of probation has occurred, it may impose one or more of the following sanctions:

> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
>
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Ind. Code § 35-38-2-3(h).

Spray does not dispute that she violated the terms of her probation. Her sole argument is that trial court abused its discretion in imposing the maximum

sanction because the trial court "failed to look at her performance on probation as a whole." Brief of Appellant at 9. Specifically, Spray argues that because she was compliant with other terms of her probation – mental health treatment, drug screens, probation appointments, and probation fees – the trial court should have imposed a lesser sanction. We disagree.

[7] The record reveals that less than seven months into probation, Spray was charged with domestic battery and resisting law enforcement in Scott County, Indiana. And even after the first petition to revoke Spray's probation had been filed, she continued to commit additional offenses and was charged with criminal trespass and seven counts of unlawful use of 911 in Jackson County. The probable cause affidavit filed in the Scott County case indicated Spray was intoxicated at the time of the offense; Spray also failed a random drug screen conducted at the probation department in June 2019. Although Spray may have been compliant with the terms of her probation for some time, her compliance ceased when she was charged with ten criminal offenses and failed to comply with additional conditions of her probation, including refraining from alcohol use, timely notifying her probation officer of her arrest, and providing documentation of mental health treatment. Although Spray testified that the Jackson County charges were in response to her children's father allegedly abusing them, the trial court is the sole judge of credibility; we must view the evidence most favorable to the trial court's judgment and cannot reweigh the evidence. *Ripps*, 968 N.E.2d at 326.

[8] Given Spray's multiple probation violations, which were not merely technical violations, we conclude the trial court was well within its discretion in ordering Spray to serve her entire previously suspended sentence. *See Sanders v. State*, 825 N.E.2d 952, 957-58 (Ind. Ct. App. 2005) (holding that the trial court did not abuse its discretion in ordering the defendant to serve her previously suspended five-year sentence upon revocation of defendant's probation for, in part, committing new crimes while on probation), *trans. denied*; *see also Abernathy v. State*, 852 N.E.2d 1016, 1020 (Ind. Ct. App. 2006) (noting that the conditions of probation "are designed to ensure that the probation serves as a period of genuine rehabilitation and that the public is not harmed by a probationer living within the community").

# Conclusion

[9] The trial court did not abuse its discretion in revoking Spray's probation and ordering her to serve her entire previously suspended sentence in the DOC. Accordingly, the judgment of the trial court is affirmed.

[10] Affirmed.

May, J., and Vaidik, J., concur.